UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSICA REYHER,<br><br>        Defendant. | Crim. Action No. 1:23CR138 |

**REPLY TO GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

      Jessica Reyher, through counsel, respectfully submits this Reply to the government's Sentencing Memorandum. In this Reply, counsel will address the following three points raised in the government's Memorandum:

      1) The government incorrectly states that another defendant, Brian Preller, also convicted under Section 231, received a sentence of 8 months incarceration. Gov. Memo at 35. In fact, Mr. Preller received a sentence of *60 months probation* with a condition of *8 months of location monitoring*.[1] As described below, Mr. Preller was a member of an extremist group and his conduct was far more aggressive than Ms. Reyher's. Mr. Preller's case demonstrates that probation is the appropriate sentence for Ms. Reyher.

      2) The government omits important information that Ms. Reyher provided during her voluntary debrief. While the government cannot deny that Ms. Reyher demonstrated unequivocal remorse for her conduct, the government leaves out that

---

[1] *See* 1:23CR45, ECF. No. 101, Judgment in *United States v. Brian Preller*.

she repeatedly explained that she did not leave the tunnel area in part because she was scared and did not want to get separated from her husband.

3) The government insinuates, without basis, that pursuant to the plea agreement, undersigned counsel is not permitted to request a downward variance. Gov. Memo at n. 25. To the contrary, nothing in the plea agreement precludes the defense from requesting a variant sentence. Ms. Reyher's history and characteristics and the nature and circumstances of her offense—which did not involve *direct* physical contact with or injury to any officer—merit a sentence below the applicable guideline.

1. ***The government's Memorandum contains a misrepresentation as to the sentence imposed in another civil disorder case.***

In its Memorandum, the government argues that Ms. Reyher's conduct is comparable to defendant Brian Preller's conduct. As set forth in Ms. Reyher's Memorandum, ECF. No. 139 at 18, defendant Preller was a member of the extremist group Guardians of Freedom. Wearing goggles, helmet, tactical vest, and carrying what appeared to be bear spray, he entered the tunnel and joined in a "heave ho" effort against the police. He later posted several statements taking credit for January 6. Contrary to the government's assertion in its Memorandum, the district judge *rejected* the government's request for eight months incarceration and imposed a **60 month term of probation**, with a condition of 8 months of electronic monitoring. Whether intentional or not, the government's misrepresentation is significant because the government relies on it to request a significant period of incarceration for Ms. Reyher, when in fact, defendant Preller's case lends further support for a

probationary sentence for Ms. Reyher, who is not a member of an extremist group and who did not come dressed for battle on January 6.

The second case the government references as a comparator to Ms. Reyher's case, *United States v. Roger Kent Baugh*, is equally unpersuasive. Gov. Memo at 34. Defendant Baugh travelled to the capitol with a companion, defendant Mazza, knowing that Mr. Mazza was *armed with a firearm*. Mr. Baugh was one of the first protestors to enter the tunnel and assisted others in pushing against the police. Mr. Baugh joined in several heave-ho efforts against the police line and coordinated his efforts with Mr. Mazza. For example, while Mr. Mazza pulled other protestors into the tunnel, Mr. Baugh looked at him and supported the others in further heave-ho efforts against officers.

In its Memorandum, the government tellingly omits what Mr. Baugh did *after* January 6. After January 6, Mr. Baugh repeatedly denied being in the tunnel area both to law enforcement and in a witness conference prior to appearing in the grand jury to testify against Mr. Mazza. For all of this, Chief Judge Boasberg imposed a sentence of 12 months and one day. [2]

The most salient contrasts between Ms. Reyher's conduct and Mr. Baugh's conduct are obvious: Ms. Reyher did not travel with anyone who was armed with a firearm; Ms. Reyher did not lead or coordinate an assault on officers; and Ms. Reyher did not provide false statements to law enforcement and the government. The

---

[2] *United States v. Baugh*, 1:22CR313, ECF. No. 16, Government's Sentencing Memorandum.

defendants to which the government strains to compare Ms. Reyher do not support its request for active incarceration. Instead, these cases show that probation is the appropriate and just sentence for Ms. Reyher.

2.  ***The government's description of Ms. Reyher's voluntary debrief is incomplete***.

Ms. Reyher participated in a voluntary debrief with government counsel and the FBI. During her debrief, she displayed genuine and unequivocal remorse. Ms. Reyher said she was sorry, but not because of the impact January 6 has had on her. Instead, she expressed that she is sorry for her role in putting police officers in harm's way and because January 6 was a terrible day for our country. This is a critical difference. Indeed, many defendants who come before the Court are sorry because of the cascade of consequences that have befallen *them* since January 6. But Ms. Reyher is sorry because of the harm inflicted upon police officers and our country. The government cannot deny that Ms. Reyher's full-throated apology was genuine and complete.

Still, the government omits critical details of Ms. Reyher's debrief. While she admitted that she wanted to have her voice heard, she also explained that she was scared and did not want to get separated from her husband. The video evidence supports this—Arthur can be seen leading Jessica around while she ducks behind him. All told, she was in the tunnel three times for minutes at a time, mostly positioned ducking behind Arthur.

### 3. *Defense counsel is permitted to request a variant sentence and a variant sentence is warranted.*

The government insinuates that defense counsel is attempting to "renege" on the plea agreement by arguing that a variant sentence is appropriate because Ms. Reyher did not have direct physical contact with an officer or cause injury to an officer. Gov. Memo at n. 25. Here, the government misconstrues the defense's argument, despite the fact that undersigned counsel's Memorandum explicitly agrees that a three-level enhancement for physical contact applies under § 2A2.4(b)(1). Def. Memo at 2 (acknowledging that the parties stipulated that § 2A2.4(b)(1) applies). Though the parties stipulated to the base offense level and enhancement under § 2A2.4(b)(1), the plea agreement does not preclude Ms. Reyher from requesting a variance from the applicable guideline range. Accordingly, the defense Memorandum avers that a three-level enhancement for physical contact, *while applicable*, overstates Ms. Reyher's culpability because she did not have direct physical contact with or personally injure an officer. Consistent with the plea agreement, defense counsel further argues that this is a basis for a downward variance. Contrary to the government's vague and inaccurate allegation, these arguments are entirely appropriate and routinely made pursuant to plea agreements that permit the defense to request a variant sentence.[3]

---

[3] With respect, the government should read defense counsel memoranda carefully before urging the Court to disregard a defendant's arguments.

## Conclusion

Jessica Reyher, a mother of four, traveled to Washington, D.C., with her husband, intending to peacefully protest what she then believed to be election fraud. She has accepted responsibility for crossing a line when the crowd got out of hand. She has and she will be punished for her lack of judgment. However, the government's request of 9 months incarceration is too draconian. Instead, for the reasons set forth herein and in the defense counsel's Memorandum in Aid of Sentencing and exhibits, a probationary sentence with conditions is sufficient but not greater than necessary to achieve the goals of sentencing.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER
_____/s/_____
ELIZABETH MULLIN
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500